```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN TURNER,

                    Plaintiff,         MEMORANDUM AND ORDER
          -against-                    07-CV-4318 (JS)(AKT)

EAST MEADOW SCHOOL DISTRICT,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Shawn Turner, Pro Se
                    Prisoner ID# 07003971
                    Nassau County Correctional Center
                    100 Carmen Ave
                    East Meadow, New York 11554

For Defendant:      Steven C. Stern, Esq.
                    Sokoloff Stern, LLP
                    240 Mineola Boulevard
                    Mineola, New York 11501
```

SEYBERT, District Judge:

Plaintiff, Shawn Turner ("Plaintiff"), commenced this 42 U.S.C. § 1983 action on October 12, 2007 against the East Meadow School District ("Defendant" or "District") alleging, inter alia, a violation of Equal Protection through discriminatory practices in providing education to prisoners in the District. Pending before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The following facts are set forth in the Complaint. Plaintiff is an African-American male who is incarcerated at the Nassau County Correctional Center. At the time of filing,

Plaintiff was thirty-eight years old. Plaintiff alleges that the Defendant denied him the opportunity to obtain a General Education Development ("GED") certification because of his age and race. As evidence of these discriminatory practices, Plaintiff claims that a fellow inmate, who was a thirty-one year old Hispanic man, was permitted to obtain his GED.

Plaintiff has submitted two grievances regarding his denial of educational services. The prison Grievance Coordinator denied both grievances. Plaintiff has failed to take any further action to appeal the decision of the Grievance Coordinator and instead filed this complaint. Accordingly, Plaintiff asserts that his "[h]uman,[c]ivil and [c]onstitutional [r]ights" were violated. (Id.)

## DISCUSSION

I. Standard on Motion to Dismiss

A. Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The Complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

In applying this standard, the district court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Additionally, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) However, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

The Court is mindful that Plaintiff is proceeding pro se, and thus his claims must be read generously. Notwithstanding the liberal pleading standards granted to a pro se Plaintiff, all complaints must contain at least "some minimum level of factual

3

support for their claims." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

B. Rule 8

Under Rule 8 of the Federal Rules of Civil Procedure, a claimant is only required to give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) ("The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure."). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2507, 168 L. Ed. 2d 179 (2007) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)).

II. Plaintiff's Complaint is Dismissed

Plaintiff's Complaint fails to provide a factual basis for a constitutional violation under the Equal Protection Clause. Plaintiff alleges that Defendant engaged in discriminatory practices in providing educational services for inmates on the basis of age and race. The Supreme Court has made clear that unless governmental action "provokes 'strict judicial scrutiny' because it interferes with a 'fundamental right' or discriminates

against a 'suspect class,' it will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." <u>Kadrmas v. Dickinson Public Sch.</u>, 487 U.S. 450, 458, 108 S. Ct. 2481, 101 L. Ed. 2d 399 (1988) (citing <u>San Antonio Indep. Sch. Dist. v. Rodriquez</u>, 411 U.S. 1, 16-17, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973)). Long-standing precedent unambiguously states that education is not a fundamental right. <u>See</u> <u>San Antonio Indep. Sch. Dist.</u>, 411 U.S. at 35 (finding that while education is one of the most important services provided by the state it is not a right afforded explicit or implicit protection under the Federal Constitution). Furthermore, age is not a suspect classification under the Equal Protection Clause. <u>Gregory v. Ashcroft</u>, 501 U.S. 452, 470, 111 S. Ct. 2395, 115 L. Ed. 2d 410 (1991). Accordingly, Plaintiff's claim requires rational basis review. <u>Id.</u>

The District is granted a sufficient amount of funding to provide education for incarcerated individuals under the age of twenty-one only. <u>See</u> N.Y. Educ. Law § 3203(a)(7). The denial of educational services to Plaintiff, who is over the age of twenty-one, due to lack of funding, is a rational basis sufficient to survive an Equal Protection challenge. Furthermore, to the extent Plaintiff claims an equal protection violation based on race, such has not been shown because Defendant had a policy to deny an

education to anyone over the age of twenty-one, regardless of their race. The younger, Hispanic individual Plaintiff refers to received private tutoring, and did not receive an education from Defendant. Thus, Plaintiff has not shown that he was denied an opportunity to obtain a GED because of his race.

For the foregoing reasons, the Court DISMISSES Plaintiff's claims against Defendant for failure to state a valid claim in compliance with Federal Rule of Civil Procedure Rule 8 and 12(b)(6).[1]

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's motion to dismiss. The Clerk of the Court is directed to mark this matter closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       March 31, 2009

---

[1] Because the Court dismisses all of Plaintiff's claims, the Court declines to address Defendant's remaining arguments in support of dismissal.